JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant, John Moore, Jr. ("Moore"), appeals his sentence. Finding merit to the appeal, we vacate his entire sentence and remand for a complete resentencing.
 {¶ 2} In 2000, Moore was convicted of aggravated robbery and two counts of kidnapping and was sentenced to 33 years in prison. This court affirmed Moore's convictions but reversed the imposition of consecutive sentences because the trial court failed to make the proportionality finding required for imposing consecutive sentences. State v. Moore, Cuyahoga App. No. 78751, 2002-Ohio-1831 ("Moore I"). The matter was remanded for resentencing.
 {¶ 3} Prior to resentencing in 2005, the trial court sua sponte ordered the resentencing hearing to be conducted via "video teleconference." Moore objected, arguing that video conferencing violated his right to be physically present at his sentencing hearing. The court overruled his objections and denied Moore's motion to be physically present. At resentencing, the court imposed its original sentence of 33 years in prison.
 {¶ 4} Moore appeals, raising four assignments of error. Because we find his third assignment of error dispositive, we will address it first.
 Physical Presence at Sentencing {¶ 5} Moore argues in his third assignment of error that the trial court erred in denying him his right to be physically present at sentencing.
 {¶ 6} At the sentencing hearing, the trial court explained that the hearing was conducted via video conference for "security reasons," stating:
"[T]he court will take judicial notice of the entries of theconvictions, subsequent convictions, and the fact that thedefendant has had a horrific series of problems for whateverreason with the local county sheriff when he comes back here, andwith their officers when he comes back. So for security reasons Ihave left Mr. Moore in Ross Correctional. It doesn't make anysense to bring him back and forth. The record will speak foritself and for the various reasons why he was here and why theproceedings couldn't go forward before." (Tr. 45).
* * *
"It's been a very interesting experience and it's saved thecounty the expense, money, and far more importantly the exposureto further danger to its employees at the county jail by thisprocess. And I hope it will deter others who have engaged inviolent and intimidating behavior to be forewarned that shouldthey do so, they may forfeit their opportunity to appear inperson at the court." (Tr. 54-55).
 {¶ 7} Moore argues that his exclusion violated his right to be physically present at sentencing. We agree.
 {¶ 8} The Confrontation Clause of the Sixth Amendment provides "[I]n all criminal prosecutions the accused shall enjoy the right * * * to be confronted with the witness against him." The United States Supreme Court has held that one of the most basic rights guaranteed by the Confrontation Clause is a defendant's correlative right to be present in the courtroom at every stage of the trial. Illinois v. Allen (1970),397 U.S. 337, 90 S. Ct. 1057, 25 L. Ed. 2d 353. Moreover, Crim.R. 43(A) and Section 10, Article I of the Ohio Constitution, mandate a defendant's presence at every stage of the criminal proceedings. See, State v. Marshall, Lucas App. No. L-00-1381, 2002-Ohio-4826. Although there is no Confrontation Clause right at sentencing, the broad scope and protection offered by Crim.R. 43 embodies the constitutional guarantee under the Confrontation Clause. See, State v. Wright (July 29, 1994), Scioto App. No. 93CA2110; Lindh v. Murphy (7th Cir., 1996), 96 F.2d 856, 870, rev'd on other grounds, (1997), 521 U.S. 320, 117 S. Ct. 2059,138 L. Ed. 2d 481.
 {¶ 9} Crim.R. 43(A) requires a defendant to be present at "every stage of the trial, including * * * the imposition of sentence, except as otherwise provided by these rules." Crim.R. 43(B) permits a court to exclude a defendant from any stage of a hearing or trial for disruptive conduct. Crim.R. 43(B) provides:
"Where a defendant's conduct in the courtroom is so disruptivethat the hearing or trial cannot reasonably be conducted with hiscontinued presence, the hearing or trial may proceed in hisabsence, and judgment and sentence may be pronounced as if hewere present. Where the court determines that it may be essentialto the preservation of the constitutional rights of thedefendant, it may take such steps as are required for thecommunication of the courtroom proceedings to the defendant."
 {¶ 10} A defendant's presence is required at trial unless he waives his right or extraordinary circumstances exist requiring exclusion, such as misconduct. State v. Brown, Richland App. No. 2003-CA-01, 2004-Ohio-3368, citing State v. Williams
(1983), 6 Ohio St.3d 281, 286, 452 N.E.2d 1323.
 {¶ 11} A defendant may lose his right to be present at trial if, after he has been warned, he continues to conduct himself in a manner so disorderly, disruptive, and disrespectful of the court that his trial cannot proceed with him in the courtroom.Brown, supra ¶ 75, citing Allen, supra at 343. Once lost, however, the right to be present can be reclaimed as soon as the defendant is willing to conduct himself with proper decorum and respect. Id.
 {¶ 12} In the instant case, the court conducted the resentencing hearing by video conference. Although Moore was able to see and hear the proceedings being conducted, he was not physically present in the courtroom or with his trial counsel.
 {¶ 13} Therefore, the issue before this court is whether the use of video conferencing at sentencing violates the provision of Crim.R. 43(A), which requires a defendant to be "present" at the imposition of sentence. This case appears to be one of first impression in Ohio; thus, we will look to other courts for guidance.[1]
 {¶ 14} In United States v. Navarro (5th Cir. 1999),169 F.3d 228, the court held that sentencing a defendant by video conference does not comply with Fed.R.Crim.P. 43 because the defendant is not "present." In making this determination, the court analyzed Rule 43 and the definition of "presence."
 {¶ 15} The court found that the common-sense meaning of "presence" is "physical existence in the same place * * *. The common-sense understanding of the definition is that a person must be in the same place as others in order to be present." Id. at 236. In reviewing the context of the language in Rule 43, the court stated:
" * * * The scope of the protection offered by Rule 43 isbroader than that offered by the Constitution, and so the term`present' suggests a physical existence in the same location asthe judge. This means that, for the purposes of sentencing, adefendant must be at the same location as the judge to be`present.' Considering the context of the term `present' in Rule43(a) indicates that a defendant must physically be in thecourtroom.
 The context of the rest of Rule 43 supports the interpretationthat `presence' means a defendant's physical presence in court.The language of 43(b) is instructive to the meaning of `presence'in 43(a), because 43(b) defines the situations in which adefendant waives the right to be present. Rule 43(b) states that`the defendant will be considered to have waived the right to bepresent whenever a defendant, initially present at trial, . . .after being warned by the court that disruptive conduct willcause the removal of the defendant from the courtroom, persistsin conduct which is such as to justify exclusion from thecourtroom.' The words `initially present' indicate that thedefendant is physically in the courtroom, and may be removed orexcluded `from the courtroom' for certain behavior." Id. at 237. (Citations omitted).
 {¶ 16} See, also, United States v. Lawrence (4th Cir. 2001), 248 F.3d 300 (followed Navarro and found that physical presence at sentencing ensures a defendant the right to consult with counsel, to confront adverse witnesses, and one last chance to plead his case and any mitigating evidence); United States v.Torres-Palma (10th Cir. 2002), 290 F.3d 1244 (followedNavarro and Lawrence and held that the use of video conferencing at sentencing is not a substitute for physical presence of a defendant unless an exception applies).
 {¶ 17} We find these federal court decisions persuasive and conclude that "present" or "presence" as used in Crim.R. 43 means physically present.[2] Crim.R. 43(B) expressly provides that where a defendant's conduct is so disruptive that the hearing cannot reasonably be conducted "with his continued presence," the court may exclude the defendant. Therefore, we can logically conclude that the defendant must initially have been able to be physically present.
 {¶ 18} In the instant case, the trial court did not first conduct a hearing or inquire of Moore whether he could be present at sentencing without disruption or disorderly behavior before the court sua sponte physically excluded him from the courtroom. Moreover, the record does not reveal whether the trial court warned Moore prior to the hearing as to the possibility that he may be excluded for disruptive behavior. Although the court may have been taking a proactive step in excluding Moore, Moore was entitled to be present in the courtroom barring any incident at the hearing which would warrant his removal.
 {¶ 19} The State argues in its brief that the trial court was within its rights to physically exclude Moore because "the trial court had previously held [Moore] in contempt. Further, [Moore] had committed felony assault upon institutional guards when brought back for resentencing."
 {¶ 20} Although we acknowledge that Moore engaged in disruptive conduct in 2001, we find that the trial court did not allow Moore any opportunity prior to the instant sentencing hearing in 2005 to show that he would conduct himself with proper decorum. The 2001 incident occurred over four years prior to the resentencing hearing, and he claims he apologized to the court for the incident.
 {¶ 21} The plain language of Crim.R. 43 requires that a defendant be present and, if he is disruptive, he may be removed from the courtroom. The trial court would be well within its rights to warn a defendant at a hearing that the first sign of disruptive conduct would be deemed a waiver of the right to be present. However, a defendant cannot be excluded based on prior conduct years earlier and unrelated to the instant case. Crim.R. 43(A) and (B).[3]
 {¶ 22} Moreover, to suggest that a defendant can be denied his right to be present during sentencing based upon speculation concerning his future misconduct, is to ignore the mandates ofAllen and its progeny, which allow a defendant to regain his right to attend his trial. Brown, supra at ¶ 78. "Virtually any defendant who is difficult to deal with could be barred from the courtroom because he `might' act up in front of jury, or because the trial judge `doesn't trust him.' Such expansion of the rule would emasculate the Confrontation Clause." Id.
 {¶ 23} Therefore, we hold that Crim.R. 43 mandates that a defendant be physically present at sentencing except when the rule specifically provides otherwise or a defendant waives his right to be present. Because Moore was not physically present at his sentencing hearing and timely objected, and because his absence did not meet any exceptions contained in Crim.R. 43(B), his sentence must be vacated.[4]
 {¶ 24} Accordingly, we sustain Moore's third assignment of error. Having sustained this assignment of error, Moore's remaining assignments of error, which also challenge his sentence, are moot.
 {¶ 25} Nevertheless, we are compelled to address the trial court's repeated failure to make the proportionality finding required for imposing consecutive sentences. Pursuant to R.C.2929.14(E), the trial court, before imposing consecutive sentences, must find that "consecutive sentences are not disproportionate to the seriousness of the offender's conduct."
 {¶ 26} The trial court must also comply with R.C.2929.19(B)(2)(c), which requires that the court "make a finding that gives its reasons" for selecting consecutive sentences. This requirement is separate and distinct from the duty to make the findings required by R.C. 2929.14(E)(4). State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, 793 N.E.2d 473. See, also, Statev. Hudak, Cuyahoga App. No. 82108, 2003-Ohio-3805, citing,State v. Brice (Mar. 29, 2000), Lawrence App. No. 99 CA21. Moreover, "a trial court must clearly align each rationale with the specific finding to support its decision to impose consecutive sentences." Comer, supra. These findings and reasons must be articulated by the trial court so an appellate court can conduct a meaningful review of the sentencing decision.State v. Cottrell, Cuyahoga App. No. 81356, 2003-Ohio-5806;Comer, supra, citing, Griffin Katz, Sentencing Consistency: Basic Principles Instead of Numerical Grids: The Ohio Plan (2002), 53 Case W.Res.L.Rev. 1, 12. R.C. 2929.11(B) further requires that the sentence imposed shall be "consistent with sentences imposed for similar crimes committed by similar offenders."
 {¶ 27} In the instant case, the trial court again failed to make a proportionality finding with supporting reasons, although Moore raised the issue at resentencing. More importantly, failing to make a proportionality finding was the basis for this court's decision in Moore I. The State argues that the court made the requisite finding and provided adequate reasoning. We strongly disagree.
 {¶ 28} The court seemingly supported its proportionality finding by stating:
"The Court now states that the sentences I am going to imposeare not disproportionate to the offense and offenses, that theoffender committed these crimes one after another while each waspending before him and the harm caused in each was great andunusual and this his criminal history, which speaks for itselfand we have spoken to it in detail, requires consecutivesentences, otherwise we're rewarding this individual and otherslike him, which is a consideration in the future, that there isno consequence for committing other violent crimes following thefirst, it they can't be consecutive." (Tr. 49-50).
 {¶ 29} Although the court may have been addressing recidivism, it did not state why or how consecutive sentences were not disproportionate to the current offense for which Moore was being sentenced. In fact, Moore and his counsel requested that the court compare Moore's sentence to the shorter sentences his co-defendants received. Although the court stated that the issue was addressed in the original sentencing, it was clearly insufficient because we remanded the case on this issue in MooreI.
 {¶ 30} Therefore, because the trial court again failed to find and support, with reasons, that consecutive sentences were not disproportionate to the offense, we find further cause to vacate Moore's sentence.
Sentence vacated and case remanded for a full and complete resentencing consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee the costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Karpinski, J. Concurs;
Gallagher, J. Concurs in Judgment Only (See Separate Concurring Opinion)
[1] We recognize that there are instances in which Ohio courts have upheld the use of video conferencing. State v. Phillips,74 Ohio St.3d 72, 1995-Ohio-171, 656 N.E.2d 643 (arraignments conducted by video conference permissible); Wilkins v.Wilkinson, 157 Ohio App.3d 209, 2004-Ohio-2530, 809 N.E.2d 1206
(video conferencing at parole hearing permissible).
[2] The Ohio Supreme Court has stated that "in all relevant aspects, Fed.R.Crim.P. 43(a) is virtually identical to Ohio Crim.R. 43(A)." Williams, supra at 287.
[3] Under the trial court's "policy," any defendant previously convicted of resisting arrest or assault on a law enforcement officer might be barred from the courtroom and required to appear by video conference.
[4] Because we resolve this issue on statutory grounds, we do not need to address whether the Constitution itself requires physical presence at sentencing.
 CONCURRING OPINION