[Cite as *State v. Kemp*, 2014-Ohio-3414.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 100426

---

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### ANTOINE KEMP

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-545098

**BEFORE:** Keough, J., Jones, P.J., and E.T. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 7, 2014

**ATTORNEY FOR APPELLANT**

Kevin P. Shannon
Wegman, Hessler & Vanderburg
6055 Rockside Woods Blvd., Suite 200
Independence, Ohio 44131

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Norman Schroth
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Antoine Kemp, appeals from the trial court's entry after resentencing. We reverse and remand.

{¶2} In January 2012, Kemp was convicted of murder and tampering with evidence. This court affirmed Kemp's convictions on appeal but vacated the sentence and remanded for resentencing. *State v. Kemp*, 8th Dist. Cuyahoga No. 97913, 2013-Ohio-167.

{¶3} Upon remand, the court set the matter for resentencing. After receiving notification of the resentencing date, Kemp filed a motion in which he objected to resentencing by videoconference and asserted his due process right to be present at all critical stages of the proceedings.

{¶4} The trial court proceeded with resentencing in April 2013. Kemp's counsel was present in the courtroom, as was the prosecutor, but Kemp appeared by videoconference from prison. Kemp objected to not being present in the courtroom, and told the judge that he had a Sixth Amendment right to be present, and that he had not waived his right to be physically present at resentencing. The trial court ruled that Kemp was present "for all intents and purposes" because he was present by video and proceeded with resentencing. The trial court sentenced him to an indefinite term of 15 years to life in prison on Count 1 (murder) and 36

months incarceration on Count 2 (tampering with evidence), to be served concurrently. This appeal followed.

**{¶5}** Kemp contends that the trial court erred by resentencing him by videoconference because he was not physically present in the courtroom. This court addressed the same issue in *State v. Moore*, 8th Dist. Cuyahoga No. 86224, 2006-Ohio-816, and held that "Crim.R. 43 mandates that a defendant be physically present at sentencing except when the rule specifically provides otherwise or a defendant waives his right to be present." *Id.* at ¶ 23.

**{¶6}** Crim.R. 43(A) requires a defendant to be physically present at "every stage of the criminal proceedings and trial, * * * including the imposition of sentence, except as otherwise provided by these rules." Crim.R. 43(B) permits a court to exclude a defendant from any stage of a hearing or trial for disruptive conduct. Further, under Crim.R. 43(A)(2), in misdemeanor cases or in felony cases where a waiver has been obtained in writing or on the record, the court may permit the defendant's participation by videoconference.

**{¶7}** Kemp was not excluded from his resentencing for disruptive conduct nor did he execute a waiver that would have permitted the trial court to resentence him by videoconference. In fact, Kemp objected to the trial court's decision to resentence him by videoconference, first by motion and then at resentencing.

Accordingly, the trial court erred in resentencing Kemp outside his physical presence in the courtroom.

**{¶8}** The state concedes the error but suggests that it would be a waste of resources to transport Kemp to and from the court for resentencing and, therefore, contends that we should simply impose the same sentence imposed by the trial court at resentencing. The state argues that our authority to do so derives from App.R. 12(A)(1)(a), which provides that this court has authority on an appeal from a trial court to "[r]eview and affirm, modify, or reverse the judgment or final order appealed." (Emphasis added.)

**{¶9}** We fail to see how entering the same sentence imposed by the trial court at resentencing somehow modifies the judgment, as suggested by the state. Furthermore, the state asks us to ignore the clear directive of Crim.R. 43(A) — a rule that embodies a defendant's constitutional right to be present in the courtroom at all critical stages of his criminal trial, *Moore*, 2006-Ohio-816 at ¶ 8, and specifically requires that a defendant be physically present at sentencing. We decline to do so and, accordingly, reverse and remand for resentencing at which Kemp is physically present in the courtroom.

**{¶10}** Reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

————

KATHLEEN ANN KEOUGH, JUDGE

LARRY A. JONES, SR., P.J., and
EILEEN T. GALLAGHER, J., CONCUR