JUDGES: Hon. Cheryl L. Waite, Hon. Gene Donofrio, Hon. Mary DeGenaro
OPINION
WAITE, J.
{¶ 1} Appellant Aubrey Toney appeals a July 13, 2016 Mahoning County Common Pleas Court judgment entry. This matter involves Appellant's resentencing. Appellant argues that the trial court erroneously imposed consecutive sentences on two firearm specifications that arise out of the same transaction. Appellant also argues that the trial court improperly imposed mandatory consecutive sentences and *1141 failed to properly make the R.C. 2929.14(C)(4) findings within its sentencing entry. Appellant's merger argument is without merit. However, Appellant's argument regarding consecutive sentences has merit. Accordingly, the trial court's imposition of consecutive sentences is vacated and the matter is remanded for the limited purpose of addressing consecutive sentences.
Factual and Procedural History
{¶ 2} On October 7, 2010, Appellant was indicted on one count of aggravated murder in violation of R.C. 2903.01(A), (F), with a death specification pursuant to R.C. 2929.04(A)(5) ; one count of attempted murder, a felony of the first degree in violation of R.C. 2923.02(A) ; one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(1) ; and one count of felonious assault, a felony of the second degree in violation of R.C. 2903.11(A)(2). Each of these charges carried an attendant firearm specification in violation of R.C. 2941.145(A).
{¶ 3} Appellant was convicted by a jury of murder as the lesser-included offense of aggravated murder, both counts of felonious assault, and three counts of attendant firearm specifications. However, no verdict was reached on the attempted murder charge.
{¶ 4} On June 19, 2014, Appellant was sentenced as follows: fifteen years to life in prison for the murder conviction, eight years of incarceration for felonious assault, and six years for the attendant firearm specifications. The trial court merged the felonious assault convictions as well as the attendant firearm specifications. In the aggregate, Appellant was sentenced to twenty-nine years to life in prison
{¶ 5} On direct appeal, we affirmed Appellant's convictions but remanded the matter for resentencing, because the trial court failed to properly impose consecutive sentences. State v. Toney, 7th Dist. No. 14 MA 0083, 2016-Ohio-3296, 2016 WL 3152329. The trial court held a resentencing hearing and imposed the identical sentence. This timely appeal followed.
ASSIGNMENT OF ERROR NO. 1
THE TRIAL COURT ERRED WHEN IT IMPOSED TWO, THREE-YEAR CONSECUTIVE SENTENCES FOR FIREARM SPECIFICATIONS THAT AROSE FROM THE SAME TRANSACTION.
{¶ 6} Appellant argues that the trial court erroneously imposed consecutive sentences for the firearm specifications attached to his murder and felonious assault convictions. Appellant asserts that R.C. 2929.14(B)(1)(b) allows for only one prison term for offenses that are committed as part of the same act or transaction. Appellant argues that both of these convictions stem from his act of firing his weapon into a car, thus they arise from the same act or transaction.
{¶ 7} In response, the state argues that a trial court is required to impose consecutive sentences when a defendant has been convicted of two or more firearm specifications that stem from murder and felonious assault convictions.
{¶ 8} Pursuant to R.C. 2929.14(B)(1)(g) :
If an offender is convicted of or pleads guilty to two or more felonies, if one or more of those felonies are aggravated murder, murder, attempted aggravated murder, attempted murder, aggravated robbery, felonious assault, or rape, and if the offender is convicted of or pleads guilty to a specification of the type described under division (B)(1)(a) of this section in connection with two or more of the felonies, the sentencing court shall impose on the offender the prison term *1142 specified under division (B)(1)(a) of this section for each of the two most serious specifications of which the offender is convicted or to which the offender pleads guilty and, in its discretion, also may impose on the offender the prison term specified under that division for any or all of the remaining specifications.
{¶ 9} The state is correct that the trial court is required to impose mandatory prison terms for both of Appellant's R.C. 2929.14(B)(1)(a) firearm specifications. These were imposed due to Appellant's underlying murder and felonious assault convictions.
{¶ 10} Further, pursuant to R.C. 2929.14(C)(1)(a),
Subject to division (C)(1)(b) of this section, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(a) of this section for having a firearm on or about the offender's person or under the offender's control while committing a felony, if a mandatory prison term is imposed upon an offender pursuant to division (B)(1)(c) of this section for committing a felony specified in that division by discharging a firearm from a motor vehicle, or if both types of mandatory prison terms are imposed, the offender shall serve any mandatory prison term imposed under either division consecutively to any other mandatory prison term imposed under either division or under division (B)(1)(d) of this section, consecutively to and prior to any prison term imposed for the underlying felony pursuant to division (A), (B)(2), or (B)(3) of this section or any other section of the Revised Code, and consecutively to any other prison term or mandatory prison term previously or subsequently imposed upon the offender.
{¶ 11} Accordingly, pursuant to the above statutes, the trial court was required to sentence Appellant on both of the firearm specifications and to run these sentences consecutively. See State v. Williams, 7th Dist. No. 11 MA 185, 2014-Ohio-1015, 2014 WL 1325907. Appellant's first assignment of error is without merit and is overruled.
ASSIGNMENT OF ERROR NO. 2
THE TRIAL COURT ERRED WHEN IT IMPOSED CONSECUTIVE SENTENCES WITHOUT CONDUCTING THE PROPER ANALYSIS AND MAKING THE PROPER FINDINGS IN ITS JUDGMENT ENTRY.
{¶ 12} Appellant argues that the trial court failed to make the requisite R.C. 2929.14(C)(4) findings at the sentencing hearing and within its sentencing entry. At the sentencing hearing, Appellant argues that the trial court improperly classified his consecutive sentences as mandatory. In the sentencing entry, Appellant asserts that the trial court merely recited verbatim the text of the statute without actually making any findings. Appellant urges that this is insufficient under Ohio law.
{¶ 13} Pursuant to R.C. 2929.14(C)(4), before a trial court can impose consecutive sentences on a defendant, the court must find:
[T]hat the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or *1143 2929.18 of the Revised Code, or was under post-release control for a prior offense.
(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
{¶ 14} A trial court must make the consecutive sentence findings at the sentencing hearing and must additionally incorporate the findings into the sentencing entry. State v. Williams , 2015-Ohio-4100, 43 N.E.3d 797, 806, ¶ 33-34 (7th Dist.), citing State v. Bonnell , 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The court is not required to state reasons in support nor is it required to use any "magic" or "talismanic" words, so long as it is apparent that the court conducted the proper analysis. Id. , citing State v. Jones , 7th Dist. No. 13 MA 101, 2014-Ohio-2248, 2014 WL 2194503, ¶ 6 ; State v. Verity , 7th Dist. No. 12 MA 139, 2013-Ohio-1158, 2013 WL 1209491, ¶ 28-29.
{¶ 15} At the sentencing hearing, the trial court stated:
Anything-oh, hold on. Court further finds that consecutive sentences are mandatory because it is necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public.
Court also finds that the offender committed one or more offenses while in-court further finds that multiple offenses were committed as part of a course of conduct and that the harm caused by multiple offenses was so great that not a single prison term for any of the offenses would adequately reflect the seriousness of the offender's conduct. Therefore, consecutive sentences are appropriate.
(7/12/16 Sentencing Hrg. Tr., pp. 8-9.)
{¶ 16} Appellant takes issue with the trial court's declaration that his consecutive sentences were "mandatory." Appellant contends that the court's statement is improper, because consecutive sentences are not mandatory in his case. There is no caselaw that addresses this exact issue.
{¶ 17} Generally, the imposition of consecutive sentences is discretionary, meaning the trial court has a choice. However, the imposition of consecutive sentences in some situations is mandatory pursuant to statute. As such, in the context of consecutive sentences, the word "mandatory" is a term of art. "Mandatory" has been defined to mean "[i]mperative. Required to be done or performed. Compulsory, not a matter of discretion." State v. Cravens , 42 Ohio App.3d 69, 536 N.E.2d 686 (1st Dist. 1988.), citing Ballentine's Law Dictionary (3 Ed. 1969) 771. Because the imposition of consecutive sentences is not mandatory in this case, it was error for the trial court to use this reference.
{¶ 18} As to the findings themselves, although it appears that they were an afterthought, the trial court did make the requisite findings pursuant to R.C. 2929.14(C) at the sentencing hearing. The trial court found that "it is necessary to protect the public from future crime and to punish the offender and that consecutive sentences are not disproportionate to the *1144 seriousness of the offender's conduct and to the danger the offender poses to the public." (7/12/16 Sentencing Hrg., pp. 8-9.) The court also found under subsection (c) that "the offender committed one or more offenses while in-the court further finds that multiple offenses were committed as part of a course of conduct and that the harm caused by multiple offenses was so great that not a single prison term for any of the offenses would adequately reflect the seriousness of the offender's conduct." (Id. at p. 9.)
{¶ 19} However, the trial court failed to properly incorporate its findings within its sentencing entry. There are two problems with the sentencing entry. The first is that the trial court copied the language of the entire statute with the exception of subsection (a). While virtually the entire statute was copied and pasted, the trial court failed to indicate which findings applied to this case. A trial court is only required to make one finding under subsections (a)-(c). However, the court recited all the language found in both subsections (b) and (c). The trial court appears to attempt to make findings under both subsections when the court made only a finding regarding subsection (b) at the sentencing hearing.
{¶ 20} The second problem is that this entry does not indicate that the trial court actually made the requisite findings. We have previously held that:
Quoting requirements from the statute is not problematic per se. While we do not require trial court's [sic] to use talismanic or magic words, we have urged trial courts to track the language of the statute. The problem here is the trial court did not alter the language of the statute to indicate it was actually making the findings. The finding as it was stated in the judgment entry provided, "if multiple prison terms are imposed," "the court may require," and "if the court finds." The "if" and "may" language does not indicate an actual finding by the trial court. It would have been simple for the trial court to reword the language to show that it was making the findings.
State v. Williams, 7th Dist. No. 16 MA 0041, 2017-Ohio-856, 2017 WL 944024, ¶ 20. Here, the trial court did not alter the statute and included the conditional words described in Williams . As such, the trial court did not properly incorporate its R.C. 2929.14(C)(4) findings into its sentencing entry. Appellant's second assignment of error has merit and is sustained.
Conclusion
{¶ 21} Appellant argues that the trial court erroneously imposed consecutive sentences on two firearm specifications that arose out of the same transaction. Appellant also argues that the trial court failed to properly make the requisite R.C. 2929.14(C)(4) factors before imposing consecutive sentences. Pursuant to R.C. 2929.14(B)(1)(g), the trial court properly imposed consecutive sentences on two firearm specifications. However, the court failed to properly make the requisite R.C. 2929.14(C)(4) findings. Based on this record, the matter is remanded to the trial court with instructions to complete the appropriate sentencing analysis in accordance with R.C. 2929.14(C)(4) should the trial court determine that consecutive sentencing is necessary.
Donofrio, J., concurs.
DeGenaro, J., concurs.