[Cite as *State v. Oliver*, 2020-Ohio-3327.]

# IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2019-P-0103** |
| CORTEZ M. OLIVER, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2009 CR 0488.

Judgment: Affirmed.

*Victor V. Vigluicci*, Portage County Prosecutor, and *Pamela J. Holder*, Assistant Prosecutor, 241 South Chestnut Street, Ravenna, Ohio 44266 (For Plaintiff-Appellee).

*Cortez M. Oliver,* pro se, A581-824, Mansfield Correctional Institution, 1150 North Main Street, P.O. Box 788, Mansfield, Ohio 44901 (Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Cortez M. Oliver, appeals the January 17, 2019 judgment overruling his motion for resentencing arguing his sentence is void. We affirm.

{¶2} Oliver raises one assigned error:

{¶3} "The trial court violated Crim.R. 43(A) and denied Oliver due process of law under the U.S. Constitution and Art.1 Section 10 of the Ohio Constitution, when it issued a judgment entry imposing a sentence that differs from the sentence pronounced in his presence."

{¶4} In February 2010, Oliver was convicted after a jury trial of murder, aggravated burglary, and aggravated robbery. Oliver filed a direct appeal, and we affirmed in part, reversed in part, and remanded for the trial court to assess a merger issue. *State v. Oliver*, 11th Dist. Portage No. 2010-P-0017, 2012-Ohio-122. On remand, the court did not find merger warranted, and thus, its original February 18, 2010 sentencing decision remained.

{¶5} In September 2018, Oliver moved the court for resentencing arguing his sentence for murder is contrary to law and void; he did not challenge his aggravated burglary and aggravated robbery sentences. The state agreed there was an issue but urged the court to correct the scrivener's error via nunc pro tunc. In response, the trial court issued its September 13, 2018 nunc pro tunc sentencing entry, which Oliver did not appeal.

{¶6} In November 2018, Oliver filed his second motion for resentencing arguing the September 13, 2018 nunc pro tunc was improper and that his sentence for murder was contrary to law and void. The trial court summarily overruled this motion in January of 2019, which Oliver now appeals.

{¶7} Oliver urges us to find that his sentence for murder fails to comply with the governing sentencing statute, and as such, is void and resentencing is required.

{¶8} The trial court's original February 18, 2010 sentencing entry states in part that Oliver was found guilty to one count of murder in violation of R.C. 2903.02(B) and 2929.02, among others, and that he is sentenced "to a term of imprisonment of LIFE, to be served for the offense of 'Murder', [and] a definite term of ten (10) years to be served for each offense of 'Aggravated Burglary' and 'Aggravated Robbery' all of which shall run consecutive to one another, or until such time as he is otherwise legally released."

{¶9} What the court stated at the sentencing hearing is different than what it wrote in its sentencing entry. When imposing Oliver's sentence for murder at the sentencing hearing, the court ordered Oliver to serve: "*life in prison on the murder conviction with eligibility after fifteen years to parole.*" (Emphasis added.)

{¶10} The governing sentencing statute, R.C. 2929.02(B)(1), *Penalties for murder*, states in pertinent part: "whoever is convicted of or pleads guilty to murder in violation of section 2903.02 of the Revised Code *shall be imprisoned for an indefinite term of fifteen years to life.*" (Emphasis added.)

{¶11} "A sentence not in accordance with statutorily mandated terms is void as no court has the authority to impose a sentence that is contrary to law. *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 8, 23." *State v. Burton*, 12th Dist. Clermont No. CA2013-09-071, 2014-Ohio-1692, ¶ 13; *State v. Askew*, 11th Dist. Lake No. 2014-L-072, 2015-Ohio-43, ¶ 15. Moreover, "void sentences are not precluded from appellate review by principles of res judicata and may be reviewed at any time, on direct appeal or by collateral attack. * * * [A]lthough the doctrine of res judicata does not preclude review of a void sentence, res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 40, *overruled on other grounds by State v. Harper, 2020-Ohio-2913.*

{¶12} Here, the September 13, 2018 nunc pro tunc sentencing entry is a proper use of a nunc pro tunc because it changes the trial court's judgment to reflect what the court actually did at the sentencing hearing. *State v. Beasley*, 153 Ohio St.3d 497, 2018-Ohio-493, 108 N.E.3d 1028, ¶ 261, *quoting State ex rel. Fogle v. Steiner*, 74 Ohio St.3d 158, 164, 656 N.E.2d 1288 (1995) ("Nunc pro tunc entries 'are limited in proper use to

reflecting what the court actually decided, not what the court might or should have decided or what the court intended to decide.'").

{¶13} Although the court did not recite the exact words of the statute at the sentencing hearing, it sentenced Oliver to "life in prison on the murder conviction with eligibility after fifteen years to parole * * *." That constitutes imprisonment for an indefinite term of 15 years to life. R.C. 2929.02(B)(1); *see also State v. Toney*, 7th Dist. Mahoning No. 16 MA 0124, 2017-Ohio-9384, 102 N.E.3d 1139, ¶ 14, *citing State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37 (finding a court need not use magic or talismanic words upon making consecutive sentence findings).

{¶14} Thus, the court properly issued its nunc pro tunc to reflect what occurred at the sentencing hearing, and it is not void. S*tate v. Nixon*, 11th Dist. Portage No. 2018-P-0040, 2019-Ohio-1502, ¶ 24-25, citing *State v. Miller,* 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 16.

{¶15} And because the trial court's September 13, 2018 nunc pro tunc sentencing entry is valid, the trial court did not err in overruling Oliver's motion for resentencing. Thus, Oliver's sole assigned error lacks merit, and the trial court's decision is affirmed.


TIMOTHY P. CANNON, P.J.,

MARY JANE TRAPP, J.,

concur.

4