[Cite as *State v. Toney*, 2020-Ohio-5044.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

AUBREY TONEY,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 MA 0081**

---

Criminal Appeal from the
Court of Common Pleas of Mahoning County, Ohio
Case No. 2010 CR 1135A

**BEFORE:**
Carol Ann Robb, Gene Donofrio, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Paul J. Gains,* Mahoning County Prosecutor, *Atty. Ralph M. Rivera,* Assistant Prosecuting Attorney, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Atty. Edward A. Czopur,* DeGenova & Yarwood, Ltd. 42 North Phelps St., Youngstown, Ohio 44503 for Defendant-Appellant.

Dated: October 23, 2020

_____

**Robb, J.**

{¶1} Defendant-Appellant Aubrey Toney appeals from his July 3, 2018 resentencing in Mahoning County Common Pleas Court for murder, two counts of felonious assault, and attendant firearm specifications. The issue raised in this appeal is whether Appellant's due process and Crim.R. 43 rights were violated when he was not physically present at the resentencing hearing, but instead appeared via teleconference. Appellant did not object to appearing in this manner. For the reasons expressed below, although the trial court did not obtain a waiver under Crim.R. 43, the error did not rise to the level of plain error; Appellant cannot demonstrate prejudice, i.e., he could not show that the outcome would have been different had he been physically present. The sentence is affirmed.

Statement of the Case

{¶2} Appellant was convicted of the murder of Thomas Repchic and the felonious assault of Jacqueline Repchic for events that transpired on September 25, 2010. *State v. Toney*, 7th Dist. Mahoning No. 14 MA 0083, 2016-Ohio-3296, ¶ 3. He was sentenced to fifteen years to life in prison for the murder conviction, eight years for felonious assault, and six years for the attendant firearm specifications; in the aggregate, Appellant was sentenced to twenty-nine years to life in prison. Appellant appealed his conviction. On appeal, this court affirmed the jury verdict, reversed the sentence, and remanded the matter for a new sentencing hearing. *Id.* at ¶ 2, 87. We held the trial court failed to make the statutorily mandated consecutive sentence findings in the judgment entry and at the sentencing hearing. *Id.* at ¶ 2, 85.

{¶3} A resentencing hearing was held on July 12, 2016. The trial court sentenced Appellant to the same sentence, an aggregate sentence of twenty-nine years to life. He appealed the resentencing order and argued the trial court improperly imposed mandatory consecutive sentences and failed to properly make the R.C. 2929.14(C)(4) findings within its sentencing entry. *State v. Toney*, 2017-Ohio-9384, 102 N.E.3d 1139, ¶ 1 (7th Dist.). We found merit with this argument, vacated the consecutive sentences,

and remanded once again for resentencing on the consecutive sentence issue. *Id.* at ¶ 21.

**{¶4}** The second resentencing hearing was set for March 6, 2018. However, the matter was continued upon motion of defense counsel. 3/12/18 J.E. The resentencing hearing was held on April 12, 2018. Appellant did not appear in person; rather, he appeared by teleconference. 4/12/18 Tr. 2-3. The trial court once again imposed the same sentence – fifteen years to life for murder, three years for the attendant firearm specification, eight years for felonious assault, three years for the attendant firearm specification, and ordered the sentences to run consecutively. 7/3/18 J.E.; 4/12/18 Tr. 3-5.

**{¶5}** Appellant timely appeals from the sentence raising one assignment of error. 8/2/18 Notice of Appeal.

Assignment of Error

"Appellant was denied his rights to due process, pursuant to the Fifth and Fourteenth Amendments to the United States Constitution, and Article I, Section 10 of the Ohio Constitution, as well as Ohio Rule of Criminal Procedure 43, when the trial court conducted his sentencing hearing without him being physically present for the same."

**{¶6}** Appellant argues his due process rights were violated when the resentencing occurred without him being physically present. He contends his case is similar to the Eighth Appellate District case, *State v. Kemp*, 8th Dist. Cuyahoga No. 100426, 2014-Ohio-3414, where the appellate court found reversible error when the defendant appeared for resentencing via teleconference rather than being physically present.

**{¶7}** The state argues the error complained of does not rise to the level of plain error. It contends Appellant did not object to his teleconference presence instead of in person presence. The state asserts Appellant cannot demonstrate that the outcome would have been different had Appellant attended the resentencing in person.

**{¶8}** The record confirms that Appellant did not object to the trial court proceeding without his physical presence. Therefore, the alleged error is reviewed under a plain error analysis. Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." An

Case No. 18 MA 0081

alleged error is plain error only if the error is "obvious," and where, but for the error, the outcome of the proceeding would clearly have been otherwise. *State v. Barnes,* 94 Ohio St.3d 21, 27, 759 N.E.2d 1240 (2002); *State v. Long,* 53 Ohio St.2d 91, 372 N.E.2d 804, paragraph two of the syllabus (1978).

**{¶9}** "[P]lain error is a discretionary doctrine which may, but need not, be employed if warranted." *State v. Donald,* 7th Dist. Mahoning No. 08 MA 154, 2009-Ohio-4638, ¶ 68. The Ohio Supreme Court has acknowledged the discretionary aspect of Crim.R. 52(B) by admonishing courts to notice plain error "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *Long,* 53 Ohio St.2d 91 at paragraph three of the syllabus.

**{¶10}** Appellant is correct that a criminal defendant has a fundamental right to be present at all critical stages of his criminal trial. Section 10, Article I of the Ohio Constitution; *State v. Hale,* 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 100. Crim.R. 43(A) extends the constitutional right of presence to physical presence and provides:

> (1) Except as provided in Rule 10 of these rules and division (A)(2) of this rule, the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. In all prosecutions, the defendant's voluntary absence after the trial has been commenced in the defendant's presence shall not prevent continuing the trial to and including the verdict. A corporation may appear by counsel for all purposes.
>
> (2) Notwithstanding the provisions of division (A)(1) of this rule, in misdemeanor cases or in felony cases where a waiver has been obtained in accordance with division (A)(3) of this rule, the court may permit the presence and participation of a defendant by remote contemporaneous video for any proceeding if all of the following apply:
>
> (a) The court gives appropriate notice to all the parties;

(b) The video arrangements allow the defendant to hear and see the proceeding;

(c) The video arrangements allow the defendant to speak, and to be seen and heard by the court and all parties;

(d) The court makes provision to allow for private communication between the defendant and counsel. The court shall inform the defendant on the record how to, at any time, communicate privately with counsel. Counsel shall be afforded the opportunity to speak to defendant privately and in person. Counsel shall be permitted to appear with defendant at the remote location if requested.

(e) The proceeding may involve sworn testimony that is subject to cross examination, if counsel is present, participates and consents.

(3) The defendant may waive, in writing or on the record, the defendant's right to be physically present under these rules with leave of court.

Crim.R. 43.

{¶11} Clearly, the trial court did not fully comply with the mandates of Crim.R. 43(A). Appellant was not physically present at the resentencing, and the record is devoid of any indication that he waived his right to be physically present.[1] There is no written waiver, and at the resentencing hearing, there was no express indication that Appellant was waiving his right to be physically present.

{¶12} That said, the resentencing hearing transcript does indicate that many of requirements of Civ.R. 43 were followed. Defense counsel indicated at the start of the hearing that Appellant was present by teleconference and they were given the opportunity to speak privately before the hearing. Tr. 3. The trial court also asked Appellant if he wanted to say anything. Tr. 4. Appellant responded, "Well, not really, Your Honor." Tr. 4-5.

---

[1]It is noted that the resentencing in this case occurred in 2018. It did not occur during the COVID-19 pandemic when the governor had declared a state of emergency.

{¶13} The issue this court must decide is whether the failure to comply with Crim.R. 43(A), given the above facts, required the sentence to be vacated and the matter remanded for a resentencing hearing.

{¶14} The Ohio Supreme Court in a number of cases has indicated that the failure to comply with Crim.R. 43(A) and the constitutional right to be present at all critical stages does not automatically amount to prejudice, rather prejudice must be shown. "[T]he presence of a defendant is a condition of due process to the extent that a fair and just hearing would be thwarted by his absence, *and to that extent only.*" *State v. Hale*, 119 Ohio St.3d 118, 2008-Ohio-3426, 892 N.E.2d 864, ¶ 100. Thus, while an accused has a constitutional right to be present at all critical stages, an accused's absence does not necessarily result in prejudicial or constitutional error. *State v. Davis*, 116 Ohio St.3d 404, 2008-Ohio-2, 880 N.E.2d 31, ¶ 90; *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263, ¶ 139. "Errors of constitutional dimension are not *ipso facto* prejudicial." *State v. Williams*, 6 Ohio St.3d 281, 286, 452 N.E.2d 1323 (1983). In *Williams*, although the Ohio Supreme Court accepted Williams proposition that the court acted improperly in conducting voir dire without him being present, it declined to hold that the error was prejudicial. *Id*. at 285-287. The court explained that appellant's attendance at the *voir dire* would have contributed little to his defense and the failure to timely object to his absence constituted a waiver of his right to be present. *Id*. Thus, a defendant's absence, even where the notice and waiver rules of Crim.R. 43(A) are not found in the record, may be improper and yet not rise to the level of plain error where the defendant suffers no prejudice.

{¶15} In applying the law set forth by the Ohio Supreme Court, appellate courts have considered a trial court's failure to comply with Crim.R. 43(A) where no objection was lodged when a defendant was not physically present during a resentencing hearing. For instance, the Tenth Appellate District has held that an appellant failed to demonstrate plain error when the resentencing was for postrelease control and sex offender classification. *State v. Mullins*, 10th Dist. Franklin No. 09AP-1185, 2011-Ohio-1256, ¶ 6-11. The *Mullins* court indicated Mullins failed to demonstrate that the outcome of the proceeding would have been different if he had been physically present; he did not articulate sufficient prejudice from his participation via video teleconference. *Id*. at ¶ 11.

The Fifth Appellate District agreed with the Tenth Appellate District's reasoning in *Mullins* and likewise held that the failure to comply with Crim.R. 43(A) did not rise to the level of plain error in the context of a resentencing for postrelease control. *State v. Dunivant*, 5th Dist. Stark No. 2011CA00160, 2011-Ohio-6874, ¶ 22-29. The Fifth Appellate District held that Dunivant did not demonstrate the outcome would have been different.

**{¶16}** However, when an objection was lodged to not being physically present at resentencing and the offender did not waive the right to being present, the Eighth Appellate District has held that a defendant's due process rights and Crim.R. 43 rights were violated. *State v. Kemp*, 8th Dist. Cuyahoga No. 100426, 2014-Ohio-3414, ¶ 6-10. *Kemp*, however, is distinguishable from this case in one important way. *Kemp* was not reviewed under a plain error standard of review. The defendant in *Kemp* clearly objected to not being physically present at the resentencing. In the matter at hand, although given the opportunity to do so, neither counsel nor Appellant objected to the teleconference appearance. Furthermore, it is additionally noted that the state conceded error in *Kemp* and argued, despite the directives of Crim.R. 43(A), it would have been a waste of resources to transport the defendant to and from the court for resentencing. *Id*. at ¶ 8-9.

**{¶17}** In the case at hand, although it would have been a better practice for the trial court to fully comply with Crim.R. 43(A), the failure to comply in this situation did not rise to the level of plain error. This case is more akin to *Mullins* and *Dunivant*, then to *Kemp*, because Appellant did not object and has failed to demonstrate that the outcome of this case would have been different had he been physically present at the resentencing. After the state asked the trial court to impose the sentence it had imposed at the previous resentencing, twenty-nine years to life, counsel for Appellant spoke and argued that the trial court should run the sentence for felonious assault concurrent to the sentence for murder:

> Your Honor, good morning. If it please the court, the record should reflect that Mr. Toney is present by teleconference, and I appreciate the court giving me the opportunity to speak with him privately this morning. I agree with Mr. Rivera. I believe we are back here on the limited issue of consecutive sentence on the offenses themselves, not on the firearms. I believe the Court of Appeals has decided that. I would simply say with

regard to the issue of consecutive sentences that the last two DRC directors have talked to us throughout the state about the overcrowding of Ohio prisons. And, of course, we have done a number of things in the law to try to find other ways to deal with individuals. The reason I mention that is because the sentence on Count One, of course is a 15-year to life sentence. And of course, by virtue of the Court of Appeals decision there is automatically 6 years added on to that; so we are actually looking at an issue of 21 to life. And the only point I would like to make is that by ordering concurrent sentencing, Mr. Toney will still have a life sentence, and it will honor, in my estimation, that premise that the last two DRC directors and some of the legislation that have been directed to, which is if there is a point in time that Mr. Toney can convince the parole board while he is at a reasonable age that he is someone who has been rehabilitated, the parole board could make that decision, and we ask the court not to impose the consecutive sentences because, obviously, that would delay that consideration by eight years.

Tr. 3-4.

{¶18} Appellant was then asked if he would like to say anything, and he indicated he would not. Tr. 4-5.

{¶19} The above statements and arguments indicate there was no prejudice and Appellant cannot demonstrate the outcome of the proceedings would have been different had he been physically present. Appellant was afforded the opportunity and did speak to his attorney prior to the hearing. The statements made by the attorney at the hearing are equivalent to statements waiving the right to presence. Furthermore, the attorney made a logical and probably the best possible argument that could be made for concurrent sentences. Appellant was also given the opportunity to speak, but declined the opportunity. In the appellate brief, Appellant does not articulate how he was prejudiced by the proceedings. Considering all of the above, we cannot find prejudice and conclude that the error does not rise to the level of plain error. As the Ohio Supreme Court concluded, the lack of presence at a critical stage does not necessarily and automatically result in prejudicial or constitutional error. *Davis* at ¶ 90; *Frazier* at ¶ 139.

Case No. 18 MA 0081

{¶20} In conclusion, the sole assignment of error lacks merit. The failure to comply with Crim.R. 43(A) in this instance did not rise to the level of plain error because Appellant cannot demonstrate prejudice. The sentence imposed by the trial court is affirmed.

Donofrio, J., concurs.

D'Apolito J., concurs.

_____

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the failure to comply with Crim.R. 43(A) in this instance did not rise to the level of plain error because Appellant cannot demonstrate prejudice. The sentence imposed by the trial court is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## **<u>NOTICE TO COUNSEL</u>**

**This document constitutes a final judgment entry.**