[Cite as *State v. Evans*, 2024-Ohio-5330.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## BELMONT COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

DREW ALAN EVANS,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
Case No. 24 BE 0008

---

Criminal Appeal from the
Court of Common Pleas of Belmont County, Ohio
Case No. 23 CR 0184

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. J. Kevin Flanagan,* Belmont County Prosecutor*, Atty. Jacob A. Manning,* Assistant Prosecuting Attorney, for Plaintiff-Appellee and

*Atty. Mary Adeline R. Lewis*, for Defendant-Appellant.


Dated: November 4, 2024

**Robb, P.J.**

{¶1}   Appellant, Drew Alan Evans, appeals his conviction for attempted complicity to aggravated possession of drugs.  Appellant argues he was denied due process since the trial court held his plea and sentencing hearing via video teleconference.  We decline to find plain error and affirm.

<u>Statement of the Facts and Case</u>

{¶2}   Appellant was indicted in July of 2023 and charged with two counts:  having weapons while under a disability, a third-degree felony in violation of R.C. 2923.13(A)(3) and (B), and conspiring with another to possess methamphetamine, a third-degree felony in violation of R.C. 2923.03(A)(3) and (F).

{¶3}   After the exchange of discovery, the case was set for a hearing in January of 2024.  Defense counsel was present in the courtroom, and Appellant appeared via video teleconference.  The hearing was continued.  (January 30, 2024 Judgment.)

{¶4}   The next pretrial hearing was held in February.  Appellant again appeared via video teleconference, and the parties discussed a potential plea agreement.  The parties also discussed maintaining Appellant's local incarceration to facilitate his meetings with defense counsel while awaiting the next plea hearing.  (February 26, 2024 Tr.)

{¶5}   The February 26, 2024 transcript is in the record.  There is no objection to Appellant appearing remotely and no request by him or counsel to appear in person.  There is likewise nothing showing Appellant waived the right to appear in person at this hearing or any future hearings.  (February 26, 2024 Tr.)

{¶6}   Appellant entered a plea agreement during the next scheduled plea hearing held on March 11, 2024.  The prosecutor and defense counsel were present in the courtroom, and Appellant was present via video teleconference.  Counsel advised the court that a plea agreement and a jointly recommended sentence had been reached.

{¶7}   Appellant appeared remotely and was asked if he could hear and see the trial court judge at the beginning of the hearing.  There is no on-the-record indication that Appellant waived the right to be in person or he objected to appearing via video teleconference. (March 11, 2024 Tr.)

<u>Case No. 24 BE 0008</u>

**{¶8}** The prosecutor advised the court that the parties had reached an agreement. The state moved to amend count two to attempted possession of methamphetamine and asked the court to dismiss count one. The court approved the request and asked defense counsel to confirm the agreement. Defense counsel asked to confer with his client, which happened in open court:

> [COUNSEL:] Mr. Evans, what we spoke about earlier today is - - we got done. So the joint and agreed sentence to a plea would be 16 months; we presented that to the Court. Do you still want to go forward with that plea today?
>
> THE DEFENDANT: Yeah. Yeah.

(March 11, 2024 Tr. 3.)

**{¶9}** The court then conducted a plea colloquy. It verified Appellant had a copy of the plea agreement and that it reflected the agreement to which Appellant agreed. Because Appellant indicated he "skimmed" the written agreement, the court reviewed the terms with him in detail. The court confirmed no threats or promises were made to Appellant and he agreed to waive the presentence investigation and proceed to sentencing. Appellant indicated he was satisfied with his attorney and he understood that by pleading guilty he was admitting to the charge. The court then reviewed and verified Appellant understood the constitutional rights he was waiving by pleading guilty and also confirmed Appellant knew his right to appeal was limited if the court imposed the jointly recommended sentence. The court accepted the plea agreement. (March 11, 2024 Tr. 4-6, 7-14.)

**{¶10}** The parties waived the presentence investigation, and the court proceeded to sentencing. The trial court adopted the recommended sentence of 16 months in prison and ordered the sentence to be served consecutively to the one Appellant was serving at the time of the plea. (March 11, 2024 Tr. 7-16.) (March 13, 2024 Judgment.)

**{¶11}** Appellant raises one assignment of error.

<u>Assignment of Error</u>

"Appellant was denied his right to due process when the trial court conducted his plea and sentencing hearing without him being physically present or obtaining an express waiver from the Appellant."

Case No. 24 BE 0008

**{¶12}** Appellant urges us to find plain error because the trial court held his combined plea and sentencing hearing via video conference without securing a waiver of Appellant's right to appear in person.

**{¶13}** The state argues the error complained of does not rise to the level of plain error. It contends Appellant did not object to his lack of in person presence and he cannot demonstrate the outcome would have been different had Appellant attended the hearing in person.

**{¶14}** The state additionally contends because the court imposed the jointly recommended sentence, Appellant has waived the right to argue that his Crim.R. 43 right to be present was violated. Instead, the state claims he is only permitted to challenge whether his plea was knowingly and voluntarily made.

**{¶15}** R.C. 2953.08(D)(1) states: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge."

**{¶16}** Assuming arguendo that R.C. 2953.08(D)(1) does not bar the review of the jointly recommended sentence, we conclude Appellant was not prejudiced by the court's failure to secure Appellant's right to be present.

**{¶17}** Appellate courts may notice "[p]lain errors or defects affecting substantial rights . . . although they were not brought to the attention of the [trial] court." Crim. R. 52(B). "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus. Plain error is an obvious deviation from a legal rule that affects the outcome of the trial. *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002). The appellant must show the outcome would have been different absent the plain error. *Id.; State v. Whitaker*, 2022-Ohio-2840.

**{¶18}** When a criminal defendant seeks to have his conviction reversed on appeal, ordinarily he must establish that an error occurred in the trial court proceedings and resulting prejudice from that error. *State v. Dangler,* 2020-Ohio-2765, ¶ 13. "The test for prejudice is 'whether the plea would have otherwise been made.' " *Id.* at ¶ 16, quoting

*State v. Nero,* 56 Ohio St.3d 106, 108 (1990). Furthermore, an Appellant must establish prejudice based on the record. *Id.* at ¶ 24.

{¶19} A criminal defendant has a fundamental right to be present at all critical stages of his criminal trial. Section 10, Article I of the Ohio Constitution; *State v. Hale*, 2008-Ohio-3426, ¶ 100. This includes the right to be physically present during the imposition of sentence. *State v. Toney*, 2020-Ohio-5044, ¶ 10 (7th Dist.). However, a defendant's absence does not necessarily result in prejudicial or constitutional error. *State v. Davis*, 2008-Ohio-2, ¶ 90; *State v. Frazier*, 2007-Ohio-5048, ¶ 139.

{¶20} Further, Crim.R. 43(A) extends the right to be present and states:

(1) Except as provided in Crim.R. 10 and divisions (A)(2) and (A)(3) of this rule, the defendant must be physically present at every stage of the criminal proceeding and trial, including the impaneling of the jury, the return of the verdict, and the imposition of sentence, except as otherwise provided by these rules. . . .

(2) Notwithstanding the provisions of division (A)(1) of this rule, the court may permit the remote presence and participation of a defendant if all of the following apply:

(a) The court gives appropriate notice to all the parties;

(b) The video arrangements allow the defendant to hear and see the proceeding;

(c) The video arrangements allow the defendant to speak, and to be seen and heard by the court and all parties;

(d) The court makes provision to allow for private communication between the defendant and counsel. The court shall inform the defendant on the record how to, at any time, communicate privately with counsel. Counsel shall be afforded the opportunity to speak to defendant privately. Counsel shall be permitted to appear with defendant at the remote location if requested.

. . .

(3) A court may conduct a trial by jury, a trial to the court, a sentencing proceeding or other substantive proceeding with a defendant appearing

remotely if the defendant has waived in writing or orally on the record the right to be physically present and agreed to appear by remote presence in accordance with division (A)(2) of this rule subject to the approval of the court.

**{¶21}** In light of the lack of waiver on the record here, the trial court's decision to accept Appellant's plea and sentence him while he was appearing via teleconference was improper.

**{¶22}** However, as indicated, Appellant's counsel appeared and represented him throughout the proceeding and ensured Appellant's right to due process was protected, such that there was nothing indicating that the fairness of the proceedings was undermined. This was the third hearing held during which Appellant participated remotely.

**{¶23}** Appellant was able to hear and communicate with the court and counsel, albeit remotely. Appellant's attorney indicated he and Appellant had discussed the plea agreement earlier that day. Further, the trial court adopted the parties' jointly recommended plea agreement and sentence and did so in Appellant's presence with his cooperation and agreement.

**{¶24}** While we agree Appellant's physical presence at these critical proceedings was required, he fails to allege actual prejudice as a result of the error.

**{¶25}** Examples of actual prejudice include where a court modifies a defendant's sentence outside her presence, including the addition of probation conditions. Another example is where there was a discrepancy between the sentencing judgment and the sentence pronounced at the sentencing hearing resulting in an unclear sentence. *See State v. Taylor*, 2017-Ohio-9270, ¶ 6-8 (8th Dist.).

**{¶26}** Although the trial court failed to comply with Crim.R. 43(A), its failure to comply in this case does not rise to the level of plain error. Appellant did not object and has failed to demonstrate that the outcome of his case would have been different had he been physically present at the combined plea hearing and sentencing. *State v. Toney*, 2020-Ohio-5044, ¶ 17 (7th Dist.).

**{¶27}** Based on the foregoing, Appellant's sole assigned error lacks merit and is overruled.

Case No. 24 BE 0008

Waite, J., concurs.

Dickey, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Belmont County, Ohio, is affirmed. Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**