[Cite as *State v. Jones*, 2020-Ohio-3578.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

TIONA L. JONES,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 CO 0023**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2016 CR 424A

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Reversed and Remanded.

---

*Atty. Robert Herron*, Prosecutor, *Atty. John Gamble,* Assistant Prosecutor, Columbiana County Prosecutor's Office, Columbiana County Courthouse, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee and

*Atty. Rhys Cartwright-Jones*, 42 North Phelps Street, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated:
June 24, 2020

**Donofrio, J.**

{¶1}   Defendant-appellant, Tiona Jones, appeals her convictions in the Columbiana County Common Pleas Court following a guilty plea for one count of engaging in a pattern of corrupt activity, one count of trafficking in heroin, one count of trafficking in cocaine, two counts of money laundering, four counts of conspiracy to traffic drugs, one count of complicity to felonious assault, one count of complicity to aggravated burglary, one count of witness intimidation, and four forfeiture specifications.

{¶2}   On November 17, 2016, a Columbiana County Grand Jury indicted appellant and eight co-defendants on 51 counts by a secret indictment.  The grand jury indicted appellant on the following 24 counts:

Count 1: Engaging in a pattern of corrupt activity in violation of R.C. 2923.31(A)(1), a first-degree felony;

Count 2: Trafficking in heroin in violation of R.C. 2925.03(A)(1), a fourth-degree felony;

Counts 3 and 4: Trafficking in cocaine in violation of R.C. 2925.03(A)(1), fourth-degree felonies;

Count 5: Trafficking in cocaine in violation of R.C. 2925.03(A)(1), a third-degree felony;

Counts 6 and 7: Trafficking in heroin in violation of R.C. 2925.03(A)(1), third-degree felonies;

Count 8: Trafficking in cocaine in violation of R.C. 2925.03(A)(1), a fourth-degree felony;

Count 9: Trafficking in cocaine in violation of R.C. 2925.03(A)(1), a fifth-degree felony;

Case No. 18 CO 0023

Counts 10 and 11: Money laundering in violation of R.C. 1315.55(A)(1), third-degree felonies;

Counts 12, 13, 14, and 15: Conspiracy to traffic drugs in violation of R.C. 2923.01(A)(2), third-degree felonies;

Count 16: Aggravated menacing in violation of R.C. 2903.21(A), a first-degree misdemeanor;

Count 17: Assault in violation of R.C. 2903.13(A), a first-degree misdemeanor;

Count 18: Aggravated menacing in violation of R.C. 2903.21(A), a first-degree misdemeanor;

Count 19: Assault in violation of R.C. 2903.13(A), a first-degree misdemeanor;

Count 20: Having a weapon while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony;

Count 21: Complicity to commit felonious assault in violation of R.C. 2923.03(A)(1), a second-degree felony;

Count 22: Complicity to commit aggravated burglary in violation of R.C. 2923.03(A)(2), a first-degree felony;

Count 23: Conspiracy to commit aggravated burglary in violation of R.C. 2923.01(A)(2), a second-degree felony; and

Count 24: Witness intimidation in violation of R.C. 2921.04(B)(2), a third-degree felony.

{¶3}     The grand jury also attached two forfeiture specifications on Count 1, one forfeiture specification on Count 7, and one forfeiture specification on Count 8.  The specifications on Counts 1, 7, and 8 sought the forfeiture of appellant's car as it was alleged appellant used her car to transport and sell drugs.  The second specification on

Count 1 sought the forfeiture of appellant's home in Galloway, Ohio as it was alleged that appellant purchased this home with proceeds from drug sales.

{¶4} On April 4, 2018, appellant and plaintiff-appellee, the State of Ohio, entered into a plea agreement. Under the terms of the plea agreement, appellant agreed to plead guilty to Counts 1, 7, 8, 10, 11, 12, 13, 14, 15, 21, 22, and 24. Appellant also agreed to forfeit her car and her home in Galloway. In exchange, the state dismissed all remaining charges and agreed to recommend an aggregate prison term of 14 years. The trial court accepted appellant's guilty plea, ordered a presentence investigation, and scheduled a sentencing hearing for June 21, 2018.

{¶5} On April 27, 2018, appellant filed a motion to withdraw her guilty plea. This motion argued that appellant was innocent. The trial court scheduled a hearing on appellant's motion to withdraw her guilty plea for May 31, 2018.

{¶6} At the scheduled hearing, the trial court permitted appellant's counsel and the state to make arguments. The trial court also allowed appellant to speak on her own behalf regarding the motion. Appellant stated that she was innocent and she felt pressured into pleading guilty for the sake of her elderly grandmother.

{¶7} On June 14, 2018, the trial court ruled on appellant's motion to withdraw her guilty plea. The trial court addressed the factors pursuant to *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995). The trial court found that there was a lack of prejudice to the state and that appellant's motion was timely. But the trial court held that appellant presented no evidence of a meritorious defense and her current claim of innocence amounted to a change of heart. The trial court ultimately denied the motion.

{¶8} At the subsequent sentencing hearing, the trial court sentenced appellant to the agreed upon prison term of 14 years. Appellant timely filed her notice of appeal on July 23, 2018. Appellant now raises one assignment of error.

{¶9} Appellant's sole assignment of error states:

THE TRIAL COURT ERRED IN DENYING TIONA JONES' PRE-SENTENCE MOTION TO WITHDRAW HER GUILTY PLEA.

{¶10}   Appellant generally argues that the trial court erred when it denied her motion to withdraw her guilty plea because there was no showing of prejudice to the state and she maintained her innocence throughout the proceedings.

{¶11}   A pre-sentence motion to withdraw a guilty plea should be freely and liberally granted.  *State v. Ocel*, 7th Dist. Jefferson No. 08 JE 22, 2009-Ohio-2633, ¶ 21, citing *State v. Xie*, 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992).  "A motion made pursuant to Crim.R. 32.1 is addressed to the sound discretion of the trial court, and the good faith, credibility and weight of the movant's assertions in support of the motion are matters to be resolved by that court."  *Ocel* at ¶ 22, citing *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1997), paragraph two of the syllabus.

{¶12}   When determining whether a trial court abused its discretion in denying a pre-sentence motion to withdraw a plea, this court looks to nine factors.  Those factors are:

> (1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) whether the defendant understood the nature of the charges and potential sentences; (5) the extent of the hearing on the motion to withdraw; (6) whether the trial court gave full and fair consideration to the motion; (7) whether the timing of the motion was reasonable; (8) the reasons for the motion; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.

*State v. Scott*, 7th Dist. Mahoning No. 08 MA 12, 2008-Ohio-5043, ¶ 13 citing *Fish*, *supra.*

{¶13}   No one factor is conclusive for the determination of whether the trial court should have granted the motion to withdraw.  *State v. Morris*, 7th Dist. Mahoning No. 13 MA 19, 2014–Ohio–882, ¶ 22.

{¶14}   In considering the first factor, as the trial court found, the state made no argument it would be prejudiced by appellant withdrawing her plea.  Because there is no indication of prejudice to the state by appellant withdrawing her plea, this factor weighs in appellant's favor.

{¶15}   In considering the second factor, appellant was represented by counsel at all relevant stages during this action.  During the change of plea hearing, appellant stated that her trial counsel answered all of her questions related to her guilty plea.  Appellant had a question regarding judicial release after serving 10 years of her sentence, which the trial court permitted a brief recess to allow her to consult with her counsel.  Appellant answered numerous times that her trial counsel answered all questions she had about her guilty plea.   Appellant also stated that she was satisfied with her trial counsel's representation.  Thus, appellant's representation was adequate and this factor weighs in the state's favor.

{¶16}   In considering the third factor, during the change of plea hearing, the trial court confirmed appellant was making her plea voluntarily.   The trial court informed appellant of the minimum and maximum sentences she faced on each individual count, informed her that a prison term was presumed necessary, and that the sentences could be served consecutively.  The trial court also informed appellant of the details of the fines, the forfeiture specifications, and the potential to have her driver's license suspended.  The trial court informed appellant that she would be placed on mandatory post-release control for five years upon being released from prison and what the consequences would be for violating the terms of post-release control.  In compliance with Crim.R. 11(C)(2), the trial court advised appellant that, by pleading guilty, she was waiving her constitutional rights to: a jury trial, confront witnesses against her, subpoena witnesses on her behalf, remain silent, and have the state prove her guilt beyond a reasonable doubt.  Thus, appellant's Crim.R. 11 plea hearing was sufficient and this factor weighs in the state's favor.

{¶17}   In considering the fourth factor, appellant stated that she understood the legal elements of the charges against her.   The trial court advised appellant of the minimum and maximum prison term on each count and appellant stated that she understood her potential prison sentence.  Thus, appellant understood the nature of the charges and her potential sentence and this factor weighs in the state's favor.

{¶18}   In considering the fifth factor, at the hearing on appellant's motion, the trial court permitted appellant's counsel and the state to make arguments regarding the motion. The trial court also permitted appellant herself to speak in support of her motion.

Appellant and her attorney generally argued that she was innocent of the charges and has always maintained her innocence throughout the proceedings.

{¶19} Appellant stated that she originally pled guilty to help out her grandmother. After pleading guilty, appellant spoke to her grandmother and her grandmother told her she should not have pled guilty. Appellant also claimed that she had never personally seen any of the evidence the state had against her. Appellant denied intimidating a witness, committing a burglary, or being part of a drug organization. The day after appellant entered her guilty plea, she called her attorney and said she wanted to withdraw her plea. Appellant's counsel stated that he wanted appellant to think about withdrawing her plea for some time before filing a motion to make sure that is what she wanted to do. Thus, the extent of the hearing on appellant's motion was sufficient and this factor weighs in the state's favor.

{¶20} In considering the sixth factor, the trial court's June 14, 2018 judgment entry addressed all of the *Fish* factors. The trial court considered the arguments contained in the motion, the arguments presented at the hearing, and the change of plea proceedings. The trial court concluded that only two factors weighed in appellant's favor: lack of prejudice to the state and timeliness of the motion. The trial court categorized appellant's claim of innocence as a change of heart, which the trial court held is insufficient to withdraw a guilty plea. Thus, the trial court gave appellant's motion full and fair consideration and this factor weighs in the state's favor.

{¶21} In considering the seventh factor, appellant filed her motion to withdraw her guilty plea on April 25, 2018, three weeks after she entered her guilty plea and almost two months before her sentencing hearing. Thus, the motion to withdraw was reasonably timed and this factor weighs in appellant's favor.

{¶22} In considering the eighth factor, appellant made two arguments in support of her motion: actual innocence and she was not aware of the evidence against her. Regarding actual innocence, appellant denied intimidating a witness, being the leader of a drug organization, and committing aggravated burglary. Appellant also argued that she only pled guilty to help out her grandmother, but her grandmother later told her she should not have pled guilty. Appellant told her counsel the day after she pled guilty to move to

withdraw the plea. Appellant's counsel acknowledged this request, but stated he wanted appellant to think about withdrawing the plea a little more before filing a motion.

**{¶23}** Regarding appellant not being aware of the evidence against her, the state argues appellant was aware of the evidence against her because she referenced witnesses' statements during her argument. Specifically, appellant stated:

> The people - - the paper that I do have from the people who said what they said - - I basically know some of them saying what they're saying is because they got in trouble themselves, and they wanted to get out of trouble themselves. Like a specific person that was in the case was Tina Taylor. When I seen her back in 2016, she told me that Detective Scheets and Detective Talbert was hounding her and was hassling her. There is another female that was being hassled about the case that basically do tell on me and say different things about me that basically wasn't true. And she kept telling them, hey - - that she wanted to be left alone and she [confided] in one of the worker's that still work at CCJ, and we have had conversations about that situation too.

(Withdraw Tr. 9).

**{¶24}** Based on this passage, appellant was only aware of the general testimony of two potential witnesses. The grand jury indicted appellant on 28 counts, the majority of which are felonies. This indicates that the state has a substantial amount of evidence. The state indicated at the hearing that there was a substantial amount of evidence, but did not go into any detail about what the evidence was. Thus, the motion put forth sufficient reasons and this factor weighs in appellant's favor.

**{¶25}** In considering the ninth factor, appellant stated that she was innocent of all the charges. The day after appellant entered her guilty plea, she contacted her attorney to ask him to move to withdraw the plea. Appellant's counsel acknowledged this request and advised appellant to think about withdrawing her plea. After approximately three weeks, appellant still wanted to withdraw her plea and her counsel filed the motion. Appellant argued that she only pled guilty because she believed it would help her grandmother, who was over 80 years old. Appellant's grandmother was also taking care

of appellant's three young children. It was not until after appellant pled guilty that her grandmother told her she should not have done so. Thus, there is an indication that appellant was perhaps innocent and this factor weighs in appellant's favor.

**{¶26}** In total, four *Fish* factors weigh in appellant's favor: lack of prejudice to the state, the timing of her motion, the reasons for the motion, and perhaps appellant was innocent or had a complete defense. Moreover, "[l]ack of prejudice to the state is said to be one of the most important factors." *State v. Cuthbertson*, 139 Ohio App.3d 895, 899, 746 N.E.2d 197 (7th Dist.2000). Based on the existence of four *Fish* factors, including lack of prejudice to the state and the circumstances of this case, the trial court abused its discretion by denying appellant's motion to withdraw her guilty plea.

**{¶27}** Accordingly, appellant's sole assignment of error has merit and is sustained.

**{¶28}** For the reasons stated above, the trial court's judgment is hereby reversed and this matter is remanded for further proceedings pursuant to law and consistent with this opinion.

Waite, P. J., concurs.

D'Apolito, J., concurs.

Case No. 18 CO 0023

———————————

For the reasons stated in the Opinion rendered herein, the sole assignment of error is sustained and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is reversed. We hereby remand this matter to the trial court for further proceedings according to law and consistent with this Court's Opinion. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**