[Cite as *State v. Jones*, 2020-Ohio-4714.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee

v.

TIONA L. JONES,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 18 CO 0023**

---

Motion for Reconsideration

**BEFORE:**
Gene Donofrio, Cheryl L. Waite, David A. D'Apolito, Judges.

---

**JUDGMENT:**
Denied

---

*Atty. Robert Herron*, Prosecuting Attorney and *Atty. John Gamble,* Chief Assistant Prosecutor, Columbiana County Prosecutor's Office, 105 South Market Street, Lisbon, Ohio 44432, for Plaintiff-Appellee and

*Atty. Rhys Cartwright-Jones*, 42 North Phelps Street, Youngstown, Ohio 44503, for Defendant-Appellant.

Dated:

September 29, 2020

**PER CURIAM.**

**{¶1}** Plaintiff-appellee, the State of Ohio, has filed an application for reconsideration asking this court to reconsider our decision and judgment entry in which we reversed the judgment of the Columbiana County Common Pleas Court denying defendant-appellant's, Tiona Jones, pre-sentence motion to withdraw her plea. See *State v. Jones*, 7th Dist. Columbiana No. 18 CO 0023, 2020-Ohio-3578.

**{¶2}** App.R. 26, which provides for the filing of an application for reconsideration in this court, includes no guidelines to be used in the determination of whether a decision is to be reconsidered and changed. *Matthews v. Matthews*, 5 Ohio App.3d 140, 143, 450 N.E.2d 278 (10th Dist.1981). The test generally applied is whether the motion for reconsideration calls to the attention of the court an obvious error in its decision or raises an issue for our consideration that was either not at all or was not fully considered by us when it should have been. *Id.* An application for reconsideration is not designed for use in instances where a party simply disagrees with the conclusions reached and the logic used by an appellate court. *State v. Owens*, 112 Ohio App.3d 334, 336, 678 N.E.2d 956 (11th Dist.1996). Rather, App.R. 26 provides a mechanism by which a party may prevent miscarriages of justice that could arise when an appellate court makes an obvious error or renders an unsupportable decision under the law. *Id.*

**{¶3}** The state takes issue with our resolution of appellant's sole assignment of error where we held that the trial court abused its discretion by denying appellant's pre-sentence motion to withdraw her plea. In addressing appellant's sole assignment of error, the state argued that appellant's motion to withdraw her plea was properly denied by the trial court because the majority of the *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995) factors weighed against appellant.

**{¶4}** The state now contends that we overlooked certain facts and relied on what the state refers to as uncorroborated assertions in sustaining appellant's assignment of error.

Case No. 18 CO 0023

**{¶5}** The state first takes issue with our resolution that there was a lack of prejudice to the state in appellant withdrawing her plea. The state argues that many of appellant's co-defendants pled guilty and their plea agreements included cooperation agreements that they would testify at appellant's trial. But now, many of the co-defendants' prison terms are expiring or have expired and the state has no way to enforce their cooperation with appellant's trial.

**{¶6}** The trial court held that there was a lack of prejudice to the state because the state made no argument at the hearing on appellant's motion it would experience prejudice. *Jones* at ¶ 14. At no point in the direct appeal did the state contest this. As for the details concerning the co-defendants' respective plea agreements, the state did not cite these plea agreements or any information in them during the hearing at appellant's motion. Therefore, the details of these agreements are beyond the current record.

**{¶7}** The state also takes issue with our resolution that the eighth and ninth *Fish* factors weighed in appellant's favor. Those factors are: the reasons for the motion and whether the accused was perhaps not guilty or had a complete defense to the charge respectively. *State v. Scott*, 7th Dist. Mahoning No. 08 MA 12, 2008-Ohio-5043, ¶ 13 citing *Fish*, supra. Appellant's motion argued actual innocence, she only pled guilty because she thought it would be beneficial for her elderly grandmother, and she was not aware of the evidence the state had against her. *Jones* at ¶ 22, 25. We found that these arguments satisfied the eighth and ninth factors because: the record showed appellant was only aware of the general testimony of two witnesses despite a 24 count indictment against her; appellant's counsel corroborated that she wanted to withdraw her plea the day after she entered it and only delayed on counsel's recommendation; and appellant's grandmother, who was taking care of her three children, told her that she should not have pled guilty. *Id.* at ¶ 22-25.

**{¶8}** The state contends that neither factor is met because appellant provided no evidence that she was innocent or had a meritorious defense. The state argues that appellant's claim of innocence is contrary to the statements she made at her plea hearing where she pled guilty. The state also argues that appellant's reason for withdrawing her

plea regarding her grandmother is uncorroborated and is now impossible to corroborate as her grandmother has since died.

{¶9}     Again, the grand jury indicted appellant on 24 counts, the majority of which were felonies.  Despite this, the only evidence that was elicited during appellant's change of plea hearing was the general testimony of two witnesses.  The record does not indicate what other evidence the state may have had at the time.  Appellant also denied the charges against her at the hearing.  Adopting the state's argument that a guilty plea invalidates a subsequent claim of innocence would almost render the eighth *Fish* factor moot.

{¶10}   Appellant believed pleading guilty would be beneficial to her grandmother only to have her grandmother tell her otherwise after she pled guilty.  This conclusion is supported by the fact that appellant's counsel confirmed she wanted to withdraw her plea the day after entering it. The reason the motion was delayed was because of counsel's recommendation that appellant consider the consequences.  After doing so, appellant still insisted on withdrawing her plea.  Whether appellant's grandmother has since died does not impact appellant's decision at the time she wanted to withdraw her plea.

{¶11}   The state also contends that we did not give the trial court's judgment deference when we held that the eighth and ninth *Fish* factors were satisfied.  The state argues that this court only has the authority to reverse the trial court's judgment on a presentence motion to withdraw a plea if the trial court abused its discretion.  The state argues that because the trial court's judgment was not arbitrary, unreasonable, or unconscionable, it was not an abuse of discretion.

{¶12}   The state is correct that the standard of review for presentence motions to withdraw a plea is abuse of discretion.  *State v. Ocel*, 7th Dist. Jefferson No. 08 JE 22, 2009-Ohio-2633, ¶ 21-22; *State v. Smith*, 49 Ohio St.2d 261, 264, 361 N.E.2d 1324 (1997).  But to determine whether the trial court abused its discretion, this court looks to the nine *Fish* factors. *State v. Cuthbertson*, 139 Ohio App.3d 895, 899, 746 N.E.2d 197 (7th Dist.2000); *State v. Scott*, 7th Dist. Mahoning No. 08 MA 12, 2008-Ohio-5043, ¶ 13.

{¶13}   We reviewed the record and concluded that four of the nine *Fish* factors applied.  *Jones* at ¶ 26.  Among those factors was lack of prejudice to the state which is

Case No. 18 CO 0023

one of the most important factors.  *Cuthbertson* at 899.  Thus, we concluded that the trial court abused its discretion.

{¶14}    Finally, the state argues that we did not consider the totality of the circumstances surrounding appellant's guilty plea.  Specifically, the state argues that due to extensive negotiations and meetings, appellant had full knowledge of the facts and circumstances surrounding this case.

{¶15}    The record does not contain any information regarding the content of any negotiation session or any meeting between the state and appellant's counsel.  As previously stated, the record indicates that the only evidence appellant was aware of at the time she pled guilty was the general testimony of two potential witnesses.

{¶16}    Based on the above, the state has not called to our attention an obvious error in our decision nor has the state raised an issue for our consideration that was either not at all or was not fully considered by us when it should have been. The state simply disagrees with our conclusion and the logic used.

{¶17}    For the reasons stated above, the state's application for reconsideration is hereby denied.


**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**

**JUDGE DAVID A. D'APOLITO**


### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**


Case No. 18 CO 0023