[Cite as *State v. Jackson*, 2021-Ohio-1157.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

ANTHONY JACKSON,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 19 CO 0050**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 17 CR 359 A

**BEFORE:**
David A. D'Apolito, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Micah R. Ault,* Assistant Attorney General, Office of the Ohio Attorney General, 615 West Superior Avenue, 11th Floor, Cleveland, Ohio 44113, for Plaintiff-Appellee

*Atty. Felice Harris,* Harris Law Firm, LLC., 923 East Broad Street, Columbus, Ohio 43205, for Defendant-Appellant.

Dated: March 29, 2021

D'APOLITO, J.

{¶1} Appellant, Anthony Jackson, appeals from the November 22, 2019 judgment of the Columbiana County Court of Common Pleas sentencing him to an agreed-upon concurrent sentence of nine years in prison for engaging in a pattern of corrupt activity, participating in a criminal gang, aggravated trafficking in drugs, trafficking in heroin, trafficking in cocaine, aggravated possession of drugs, and tampering with evidence following a guilty plea. On appeal, Appellant argues that the trial court abused its discretion in denying his pre-sentence motion to withdraw his guilty plea and that the court committed plain error in failing to merge certain convictions as allied offenses of similar import for purposes of sentencing. Finding no reversible error, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶2} Appellant was one of the main players in a large drug trafficking organization, sometimes dealing as much as 20 times per day. Between six and 12 individuals involved died from their addictions during the pendency of the case.

{¶3} On October 27, 2017, the Columbiana County Grand Jury filed a 757-count secret indictment against Appellant and 101 other co-defendants. Specifically, Appellant was indicted on 12 counts: count one, engaging in a pattern of corrupt activity, a felony of the first degree, in violation of R.C. 2923.32(A)(1), with a specification; count 18, participating in a criminal gang, a felony of the second degree, in violation of R.C. 2923.42(A); counts 19 and 23, aggravated trafficking in drugs, felonies of the fourth degree, in violation of R.C. 2925.03(A)(1); count 20, trafficking in heroin, a felony of the fourth degree, in violation of R.C. 2925.03(A)(1); counts 21 and 22, trafficking in heroin, felonies of the fifth degree, in violation of R.C. 2925.03(A)(1); count 24, aggravated trafficking in drugs, a felony of the second degree, in violation of R.C. 2925.03(A)(1); count 25, trafficking in cocaine, a felony of the first degree, in violation of R.C. 2925.03(A)(1); count 26, aggravated possession of drugs, a felony of the fifth degree, in violation of R.C. 2925.11(A); count 27, aggravated trafficking in drugs, a felony of the second degree, in violation of R.C. 2925.03(A)(2), with a forfeiture specification in

violation of R.C. 2941.1417(A); and count 28, tampering with evidence, a felony of the third degree, in violation of R.C. 2921.12(A)(1), with a forfeiture specification in violation of R.C. 2941.1417(A). Appellant was appointed counsel, pleaded not guilty at his arraignment, and waived his right to a speedy trial.

{¶4} Thereafter, Appellant withdrew his former not guilty plea and entered an oral and written plea of guilty to all counts as specified in the indictment against him. Pursuant to the July 10, 2019 felony plea agreement, Appellee, the State of Ohio, recommended a nine-year sentence. "Judicial Advice to Defendant" was presented to Appellant and in response Appellant filed a written "Response To Court" relative to the questions propounded. The court accepted Appellant's guilty plea after finding it was made in a knowing, intelligent, and voluntary manner pursuant to Crim.R. 11 and deferred sentencing.

{¶5} On the day of his sentencing, November 22, 2019, Appellant sought to withdraw his plea. The trial court considered Appellant's motion and denied it. After considering the record, oral statements, the PSI, the purposes and principles of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12, the court found that the sentences shall be served concurrently with each other. The court further found that concurrent sentences are not disproportionate to the seriousness of the offenses committed and are necessary to protect the public from future crimes and to punish Appellant. The court sentenced Appellant to the agreed-upon nine years in prison. The court also notified Appellant that post-release control shall be imposed for a period of five years.

{¶6} Appellant filed a timely appeal and raises two assignments of error.

### ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING ANTHONY JACKSON'S PRE-SENTENCE MOTION TO WITHDRAW HIS GUILTY PLEA.**

Even though the general rule is that motions to withdraw guilty pleas before sentencing are to be freely allowed and treated with liberality, * * * still the decision

thereon is within the sound discretion of the trial court. * * * Thus, unless it is shown that the trial court acted unjustly or unfairly, there is no abuse of discretion. * * * One who enters a guilty plea has no right to withdraw it. It is within the sound discretion of the trial court to determine what circumstances justify granting such a motion. * * * (Internal citations omitted.)

*State v. Muldrow*, 7th Dist. Mahoning Nos. 19 MA 0124 and 19 MA 0125, 2020-Ohio-4815, ¶ 15, quoting *State v. Xie*, 62 Ohio St.3d 521, 526, 584 N.E.2d 715 (1992).

When reviewing whether a trial court abused its discretion in denying a pre-sentence motion to withdraw, an appellate court examines the following factors:

(1) whether the state will be prejudiced by withdrawal; (2) the representation afforded to the defendant by counsel; (3) the extent of the Crim.R. 11 plea hearing; (4) whether the defendant understood the nature of the charges and potential sentences; (5) the extent of the hearing on the motion to withdraw; (6) whether the trial court gave full and fair consideration to the motion; (7) whether the timing of the motion was reasonable; (8) the reasons for the motion; and (9) whether the accused was perhaps not guilty or had a complete defense to the charge.

*Muldrow, supra,* at ¶ 16, quoting *State v. Jones*, 7th Dist. Columbiana No. 18 CO 0023, 2020-Ohio-3578, ¶ 12, citing *State v. Scott*, 7th Dist. Mahoning No. 08 MA 12, 2008-Ohio-5043, ¶ 13; *State v. Fish*, 104 Ohio App.3d 236, 661 N.E.2d 788 (1st Dist.1995). "No one factor is conclusive for the determination of whether the trial court should have granted the motion to withdraw." *Jones* at ¶ 13, citing *State v. Morris*, 7th Dist. Mahoning No. 13 MA 19, 2014-Ohio-882, ¶ 22; *see also State v. Peterseim*, 68 Ohio App.2d 211, 428 N.E.2d 863 (8th Dist.1980); *State v. Cuthbertson*, 139 Ohio App.3d 895, 746 N.E.2d 197 (7th Dist.2000).

*Whether the State will be prejudiced*

**{¶7}** Appellant claims the State did not indicate it would be prejudiced by the plea withdrawal. When presented the opportunity to respond to Appellant's motion, the State's main complaint was that "The Defendant hasn't stated any reasons under the proper statute with which to withdraw his plea." (11/22/2019 Sentencing Hearing T.p. 6-7). However, the trial judge recognized the prejudice that would occur to the State, i.e., that

Case No. 19 CO 0050

between six and 12 individuals involved in the case had died during the pendency of the action, some before Appellant's guilty plea and others after. (*Id.* at 22). This factor weighs in favor of the State.

*The representation afforded to the defendant by counsel*

**{¶8}** The record reveals Appellant was represented by competent counsel throughout the entirety of this case and was satisfied with his counsel's representation.[1] At the plea hearing, the trial court asked Appellant, "Did your attorney answer any questions you had about the plea agreement?" (7/9/2019 Plea Hearing T.p. 7). Appellant responded, "Yes." (*Id.*) The court also asked Appellant, "Are you satisfied with the representation of your attorney?" (*Id.*) Appellant replied, "Yes." (*Id.*) Further, counsel was able to reach an agreement with the State which resulted in a greatly reduced term of incarceration. The trial court followed the agreed-upon sentence of nine years in prison as opposed to a possible 56 years if the court ran all counts consecutively. Considering the record in its entirety, including the plea hearing, the hearing on the motion to withdraw the guilty plea, and the sentencing hearing, Appellant was represented by competent counsel and suffered no prejudice with respect to his attorney's representation. This factor weighs in favor of the State.

*The extent of the Crim.R. 11 plea hearing*

**{¶9}** Appellant "concedes the Crim.R. 11 hearing was extensive[.]" (4/23/2020 Appellant's Brief, p. 8). Nevertheless, Appellant alleges there were minor errors during the colloquy regarding post-release control and the length of his sentence with respect to counts 21 and 23.

**{¶10}** A review of the plea hearing transcript reveals that the trial court complied with all requirements of a Crim.R. 11 hearing. (7/9/2019 Plea Hearing T.p. 2-30). The court correctly advised Appellant that he faced a mandatory five-year period of post-release control. (*Id.* at 21; 11/22/2019 Sentencing Hearing T.p. 27). The court also correctly explained the minimum and maximum sentences for counts 21, 23, and 24 in

---

[1] Any arguments made by Appellant regarding post-release control and minimum/maximum sentences will be addressed under the third and fourth factors.

the "Judicial Advice to Defendant" form.

{¶11} At the plea hearing, Appellant agreed that he reviewed the form with his attorney and had no questions. (7/9/2019 Plea Hearing T.p. 8). Appellant fully understood the total minimum and maximum sentences that he faced. At no point during the plea hearing did Appellant claim he was forced into entering a guilty plea nor did he profess his innocence at that time. Rather, Appellant admitted to participating in a major criminal drug enterprise. This factor weighs in favor of the State.

*Nature of the charges and possible punishment*

{¶12} At the plea hearing, the trial court explained the nature of the charges and the maximum possible penalties to Appellant. (7/9/2019 Plea Hearing T.p. 8-22). Appellant indicated that he understood the nature of the charges and the maximum possible penalties. (*Id.*) This factor weighs in favor of the State.

*The extent of the motion to withdraw hearing*

{¶13} Appellant was given a satisfactory hearing on the motion to withdraw his plea. The trial judge inquired as to Appellant's reasons for withdrawing the plea and later heard statements from Appellant, defense counsel, and the State prior to sentencing. Specifically, defense counsel indicated that Appellant's mother initially called him revealing that her son wished to withdraw his plea. (11/22/2019 Sentencing Hearing T.p. 4). Defense counsel told Appellant's mother that he needed to hear that information directly from Appellant. (*Id.*) Appellant provided a prepared statement in support of his motion to withdraw on the day of sentencing, which defense counsel read in open court:

> "I am withdrawing my guilty plea pursuant to Criminal Rule 32. This trial court has failed in the pursuit of justice and egregious violation of my First and Fourth Amendment rights have been committed in this jurisdiction. My due process rights have been violated, and I have no protection under the law to whereas the actors in this venue have failed to apply law fairly and without bias, further, violating my Fourth Amendment right, hyphen [sic], probable cause, hyphen [sic].

The State's prosecution has fabricated this case without any physical evidence, and for that cause, I will not receive a fair and just trial.

I demand an immediate dismissal pursuant to Criminal Rule 48A.

Let the record reflect my stance. Reenforce [sic] the record for future reference."

(*Id.* at 4-5).

{¶14} In response to Appellant's request, the State indicated, "The Defendant hasn't stated any reasons under the proper statute with which to withdraw his plea." (*Id.* at 6-7). Defense counsel continued to assist Appellant and Appellant had an opportunity to consult with his representative. (*Id.* at 5-6, 10, 15-16; 19-20).

{¶15} Appellant never made a claim of innocence at the time he accepted his plea. In fact, the trial judge indicated it was "surprising" that Appellant wished to withdraw his guilty plea since they had "a very extensive colloquy" at the plea hearing and she was confident that Appellant's plea was knowing, intelligent, and voluntary. (*Id.* at 7-8).

{¶16} At the hearing on the motion to withdraw/sentencing, Appellant was given the opportunity to address the court. (*Id.* at 9-11; 13; 17-18; 21; 28-32). Specifically, Appellant now claimed innocence; that he was not in certain counties in this multi-county indictment; that he possessed certain phone records to aid in his defense; and that he was also under federal indictment. (*Id.* at 10-17). Appellant, defense counsel, the prosecutor, and the trial judge talked extensively about the "points" system of federal sentences. (*Id.* at 17-21).

{¶17} Based on the foregoing, Appellant appears to have had a mere change of heart, which is not sufficient to justify permitting him to withdraw his plea. *See State v. Jones*, 7th Dist. Mahoning No. 18 MA 0121, 2020-Ohio-4816, ¶ 15. This factor weighs in favor of the State.

### *Whether the trial court gave full and fair consideration to the motion*

{¶18} As stated, Appellant was given a satisfactory hearing on the motion to withdraw his plea. The trial court heard from all parties prior to sentencing Appellant. The

Case No. 19 CO 0050

court considered Appellant's reasons for withdrawing his plea. The trial judge recalled the plea hearing in this case and in another case that was before her, and had "no doubt" and "no question" as to Appellant's understanding of his guilty plea and that it was made knowingly, intelligently, and voluntarily. (11/22/2019 Sentencing Hearing T.p. 7-9). The record does not establish that the trial judge was confusing the two cases. The trial judge also explained to Appellant how criminal indictments work and felt like Appellant was "back-pedaling." (*Id.* at 12, 16). Considering the record in its entirety, the court gave full and fair consideration to Appellant's plea withdrawal request before denying it and sentencing him. This factor weighs in favor of the State.

### *Whether the timing of the motion was reasonable*

**{¶19}** Appellant pleaded guilty on July 10, 2019. Appellant's written request to withdraw his plea was not brought to the trial court's attention until over four months later on the day of his sentencing, November 22, 2019.[2] Thus, it is not timely. *See Muldrow, supra,* at ¶ 33 (a motion to withdraw a plea filed on the day before the sentencing hearing and months after the plea was entered is not timely). This factor weighs in favor of the State.

### *The reasons for the motion*

**{¶20}** Again, when presented the opportunity to respond to Appellant's motion, the State's main complaint was that "The Defendant hasn't stated any reasons under the proper statute with which to withdraw his plea." (11/22/2019 Sentencing Hearing T.p. 6-7). As addressed, Appellant was represented by competent counsel throughout the entirety of this case; he understood the nature of the charges and the maximum penalties; the trial court heard and considered Appellant's allegations that he was being "railroaded" and had certain phone records to aid in his defense; the court followed the agreed-upon nine-year prison sentence; and there is no evidence that Appellant's due process rights were violated. This factor weighs in favor of the State.

### *Whether the accused was not guilty or had a complete defense to the charge*

---

2. Appellant claims his counsel became aware that he wanted to withdraw his plea in October 2019. However, that would still be some three months after he pleaded guilty.

**{¶21}** Appellant's main argument is that he has phone records which can prove he was not in Columbiana County. (11/22/2019 Sentencing Hearing T.p. 11). In response, the trial court stressed to Appellant that "[t]his is a multi-county indictment." (*Id.*) The court clarified to Appellant that the indictment is "alleging that you were either in Cuyahoga County, Medina County, Columbiana County." (*Id.* at 12). Appellant then claimed he was not in those counties either. (*Id.* at 13). The trial judge responded, it is "alarming to me that today we come here and you're - - you completely changed in what you are telling me had happened and your lack of responsibility in what had been done and what your involvement is." (*Id.* at 15). The record reveals the trial court heard and considered Appellant's defense argument. This factor weighs in favor of the State.

**{¶22}** In reviewing the record as a whole, the factors weigh in favor of the State. The record is devoid of any evidence that the trial court abused its discretion in denying Appellant's motion to withdraw his guilty plea.

**{¶23}** Appellant's first assignment of error is without merit.

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT COMMITTED PLAIN ERROR AND EXPOSED ANTHONY JACKSON TO MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE IN VIOLATION OF HIS RIGHTS UNDER THE DOUBLE JEOPARDY CLAUSE OF THE FIFTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION BY FAILING TO MERGE CERTAIN CONVICTIONS AS ALLIED OFFENSES OF SIMILAR IMPORT.**

**{¶24}** An agreed-upon sentence may not be appealed if both the defendant and the State agree to the sentence, the trial court imposes the agreed sentence, and the sentence is authorized by law. *State v. Underwood,* 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 16; R.C. 2953.08(D)(1). However, an appellant can argue that an agreed sentence is invalid if the challenge raises an allied offense argument. *Underwood* at ¶ 26.

**{¶25}** Appellant agreed to a nine-year sentence and failed to raise the issue of

whether any of the offenses were allied at his sentencing hearing. (7/9/2019 Plea Hearing; 7/10/2019 Guilty Plea; 11/22/2019 Sentencing Hearing). Nevertheless, we will review his argument for plain error. *State v. Yeager*, 7th Dist. Jefferson No. 18 JE 0008, 2019-Ohio-1095, ¶ 50, citing *Underwood* at ¶ 31. Under Crim.R. 52(B), plain error exists only where there is an obvious deviation from a legal rule that affected the outcome of the proceeding. *State v. Toney*, 7th Dist. Mahoning No. 18 MA 0081, 2020-Ohio-5044, ¶ 8-9.

> The question of whether crimes are allied offenses arises from the Double Jeopardy Clause of the Fifth Amendment of the U.S. Constitution, which protects individuals from multiple punishments for the same offense. *Brown v. Ohio,* 432 U.S. 161, 165, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). R.C. 2941.25 codifies this protection under Ohio law:
>
> Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
>
> * * * In [*State v.*] *Ruff,* [143 Ohio St.3d 114, 2015-Ohio-995] the Ohio Supreme Court created a three-part, fact-specific analysis that looks at the defendant's conduct, the animus, and the import. *Id.* at ¶ 26. Specifically, a court must consider: (1) whether the offenses are dissimilar in import or significance, meaning whether each offense caused a separate and identifiable harm; (2) whether the offenses were separately committed, and (3) whether the offenses were considered with separate animus or motivation. *Id.* If the answer to any of these questions is "yes," then the offenses do not merge. The fact-specific nature of the analysis requires a case-by-case consideration rather than application of a bright-line rule. *Id.*

*State v. Ursic*, 7th Dist. Harrison No. 18 HA 0006, 2019-Ohio-5088, ¶ 8-9.

> *Participating in a Criminal Gang and Engaging in a Pattern of Corrupt Activity*

**{¶26}** R.C. 2923.42(A), "Criminal gang activity," states:

(A) No person who actively participates in a criminal gang, with knowledge that the criminal gang engages in or has engaged in a pattern of criminal gang activity, shall purposely promote, further, or assist any criminal conduct, as defined in division (C) of section 2923.41 of the Revised Code, or shall purposely commit or engage in any act that constitutes criminal conduct, as defined in division (C) of section 2923.41 of the Revised Code.

**{¶27}** R.C. 2923.41(C) defines criminal conduct as:

[T]he commission of, an attempt to commit, a conspiracy to commit, complicity in the commission of, or solicitation, coercion, or intimidation of another to commit, attempt to commit, conspire to commit, or be in complicity in the commission of an offense listed in division (B)(1)(a), (b), or (c) of this section * * *.

**{¶28}** R.C. 2923.32(A)(1), "Engaging in a pattern of corrupt activity," states: "No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity or the collection of an unlawful debt."

**{¶29}** Appellant pleaded guilty to engaging in a pattern of corrupt activity in which he admitted that from July 2014 through August 2017, in a continuing course of conduct occurring in the counties of Columbiana, Cuyahoga, and Medina, he did, while associated with an enterprise, conducted or participated in, either directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity and that on two or more occasions he engaged in aggravated trafficking in drugs, trafficking in cocaine, and trafficking in heroin. (10/27/2017 Secret Indictment, p. 46-47; *see also* 4/10/2019 Bill of Particulars).

**{¶30}** Others alleged to be involved in the enterprise were named in the indictment and not all that were named were members of the Down the Way criminal street gang. (*Id.* at 46-48). Thus, multiple different individuals are listed as being part of the criminal enterprise that are not part of the criminal gang. (*Id.* at 46-48, 53). In addition, the

purpose and activities of the criminal gang were separate and distinct from the enterprise.

**{¶31}** Appellant has failed to demonstrate that participating in a criminal gang and engaging in a pattern of corrupt activity are allied offenses of similar import subject to merger based on the facts in this case.  *See State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, ¶ 3.

*Aggravated Possession of Drugs and Aggravated Trafficking in Drugs*

**{¶32}** Count 26, aggravated possession of drugs, states that "the amount of the drug involved [Fentanyl] equals less than the bulk amount, as defined in section 2925.01 of the Ohio Revised Code; in violation of Section 2925.11(A)(C)(1)(a) of the Ohio Revised Code, being a felony of the fifth degree."  (10/27/2017 Secret Indictment, p. 55; *see also* 4/10/2019 Bill of Particulars).

**{¶33}** Count 27, aggravated trafficking in drugs, states that "the amount of the drug involved [Fentanyl] equals or exceeds the bulk amount but is less than five times the bulk amount."  (*Id.* at 56).  Count 27 further provides that "the offense was committed in the vicinity of a school, as defined in section 2925.01 of the Ohio Revised Code; in violation of Section 2925.03(A)(2)(C)(1)(c) of the Ohio Revised Code, being a felony of the second degree."  (*Id.*)

**{¶34}** Because the indictment and bill of particulars do not reflect that counts 26 and 27 refer to the same evidence, as the weight of the drugs listed are clearly not the same, Appellant has failed to demonstrate that aggravated possession of drugs and aggravated trafficking in drugs are allied offenses of similar import subject to merger under these circumstances.  *See Rogers*, *supra*, at ¶ 3.

*Aggravated Trafficking in Drugs and Tampering with Evidence*

**{¶35}** Count 27, aggravated trafficking in drugs, states that Appellant "unlawfully did knowingly prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance * * * to wit: Fentanyl."  (10/27/2017 Secret Indictment, p. 56; *see also* 4/10/2019 Bill of Particulars).

**{¶36}** Count 28, tampering with evidence, provides that Appellant "unlawfully did, knowing that an official proceeding or investigation was in progress, or was about to be

or likely to be instituted, alter, destroy, conceal, or remove any record, document, or thing with purpose to impair its value or availability as evidence[,]" i.e., in which he concealed 32 grams of Fentanyl in his rectum. (*Id.*)

**{¶37}** The motive or animus is not the same under counts 27 and 28 and each of these offenses can be committed without necessarily committing the other. Appellant has failed to demonstrate that aggravated trafficking in drugs and tampering with evidence are allied offenses of similar import subject to merger under these circumstances. *See Rogers, supra*, at ¶ 3.

**{¶38}** Thus, none of the above counts are allied offenses of similar import. The Double Jeopardy clauses of the Ohio and United States constitutions are not implicated in this case. *See State v. Gabriel*, 170 Ohio App.3d 393, 2007-Ohio-794, ¶ 97 (2d Dist.), reversed on other grounds, *In re Ohio Criminal Sentencing Cases*, 116 Ohio St.3d 31, 2007-Ohio-5551. The trial court did not commit plain error in sentencing Appellant to the agreed-upon nine-year sentence, which is authorized by law. *See Underwood, supra,* at ¶ 16; R.C. 2953.08(D)(1).

**{¶39}** Appellant's second assignment of error is without merit.

## CONCLUSION

**{¶40}** For the foregoing reasons, Appellant's assignments of error are not well-taken. The November 22, 2019 judgment of the Columbiana County Court of Common Pleas sentencing Appellant to an agreed-upon concurrent sentence of nine years in prison for engaging in a pattern of corrupt activity, participating in a criminal gang, aggravated trafficking in drugs, trafficking in heroin, trafficking in cocaine, aggravated possession of drugs, and tampering with evidence following a guilty plea is affirmed.

Donofrio, P.J., concurs.

Waite, J., concurs.

Case No. 19 CO 0050

[Cite as *State v. Jackson*, 2021-Ohio-1157.]

———————————————

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed. Costs to be waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**